IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.  12-cr-00069-JLK

UNITED STATES OF AMERICA,

     Plaintiff,

v.

1.  TIMOTHY JOHN VANDERWERFF,

     Defendant.

---

## UNITED STATES' BRIEF IN SUPPORT OF PLEA AGREEMENT

---

The United States, represented by John F. Walsh, United States Attorney for the

District of Colorado, and Richard A. Hosley, Assistant United States Attorney, hereby

submits this brief in support of the proposed plea agreement.  The government is aware

of the Court's ruling in *United States v. Aguirre*, slip copy, 2011 WL 3036126 (D. Colo.

2011) and its reluctance to accept plea agreements containing appellate waivers.  In

this case, however, the government contends the defendant's appellate waiver is

reasonable and appropriate and respectfully requests the Court accept the proposed

agreement.

### I.  FACTUAL BACKGROUND

On October 6, 2009, law enforcement officers executed a state search warrant at

the defendant's home based upon information provided by the defendant's family

members.  Agents seized various items including a desktop computer, hard drive and

printed images of child pornography.  FBI and local law enforcement agents interviewed

the defendant during the search.  A subsequent forensic examination of the computer

and hard drive located hundreds of files containing images of child pornography, including images of prepubescent minors, child pornography involving sadistic or masochistic conduct, and two video files showing child pornography involving prepubescent minors.  The printed hard copies also contained images of child pornography.

The defendant was interviewed by law enforcement on two occasions.  During those interviews, the defendant admitted that he possessed the child pornography.  The defendant told the agents he began looking at pornography on the internet approximately five years prior.  The defendant said he was initially interested in adult pornography, but began looking at child pornography when adult pornography ceased to sexually excite him.  The defendant said he liked to look at child pornography with images of children between the ages of eight and 11 years old.  The defendant admitted that the child pornography images sexually aroused him and that he masturbated to the images.  The defendant admitted that he received and saved child pornography images from the internet.  He also acknowledged that he had printed several child pornography images as well.

Simultaneous with the federal investigation, state law enforcement officers investigated allegations of improper sexual contact between the defendant and an 11-year-old neighbor.  During an interview with law enforcement, the 11-year-old girl said the defendant had touched her "privates" on several occasions.  The child said the defendant always touched her genital area through her clothing; there was never any penetration of any kind.  In July 2010, the defendant plead guilty to, and was convicted of, the state felony offense of Sexual Assault on a Child - Victim Less Than 15 in Rio

Grande County, Colorado, Case Number 2009CR193.  The defendant received a

sentence of 90 days jail followed by sex offender specific probation.

In February 2012, a federal grand jury indicted the defendant for the crimes of

receipt of child pornography (Count 1) and possession of child pornography (Counts 2

and 3). [*See* Court Doc. No. 1].  *Receipt* of child pornography (Count 1) carries a

statutory mandatory minimum of five years imprisonment and a maximum of up to 20

years imprisonment.  18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1).  *Possession* of child

pornography (Count 2) has a statutory maximum of only 10 years imprisonment.  There

is no mandatory minimum punishment.  18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2).

The defendant entered pleas of not guilty to all counts.  Following plea

negotiations, the parties agreed upon a disposition and have tendered a proposed plea

agreement to the Court for its consideration.  Under the proposed agreement, the

defendant will plead guilty to Count 2, possession of child pornography.  The

government has agreed to dismiss Count 1, receipt of child pornography, and Count 3,

possession of child pornography.  The dismissal of Counts 1 and 3 eliminates the

statutory mandatory minimum and lowers the potential maximum period of

imprisonment to 10 years..[1]  In exchange for the benefits conferred through the

dismissal of Counts 1 and 3, the defendant has freely and voluntarily agreed to waive

his statutory right to appeal his sentence, except in the limited circumstances outlined in

---

[1] The parties have estimated the guideline range of imprisonment in this case at 151-188 months.  Thus, the dismissal of counts effectively acts as a downward variance since the guideline range is greater than the statutory maximum that can be legally imposed.  Under the terms of the plea agreement, the defendant has agreed not to seek any sentence below five years imprisonment.

the plea agreement.[2]

The government contends that the defendant has received adequate

consideration for the appellate waiver with the dismissed charges and lesser potential

punishment.  The government also submits that public policy supports the appellate

wavier, as does Tenth Circuit precedent.  Therefore, the United States respectfully asks

the Court to accept the tendered plea agreement.

## II.  LEGAL ANALYSIS & DISCUSSION

There is no constitutional right to an appeal in criminal cases.  *Abney v. United*

*States*, 431 U.S. 651, 656 (1977).  Appellate rights are statutory.  *Id*.  It is beyond

dispute that "[a] defendant's knowing and voluntary waiver of the statutory right to

appeal his sentence is generally enforceable." *United States v. Hernandez,* 134 F.3d

1435, 1437 (10th Cir. 1998).  The Tenth Circuit, applying basic contract law to plea

agreements, has found that an appellate waiver is enforceable if it is supported by

adequate consideration.  *Hernandez*, 134 F.3d at 1437.

Additionally, the Tenth Circuit has recognized that "public policy strongly

---

[2]     Under the plea agreement, the defendant's appellate rights are severely curtailed, but not
entirely abolished.  The defendant waives his right to appeal any matter in connection with this
prosecution, conviction, or sentence unless one of the following three criteria are met:  (1) the sentence
imposed is above the maximum penalty provided in the statute of conviction, (2) the Court, after
determining the otherwise applicable sentencing guideline range, either departs or varies upwardly, or (3)
the Court determines that the offense level  is greater than that calculated by the parties below and
imposes a sentence based upon that higher offense level determination.  Under the agreement, the
defendant also knowingly and voluntarily waives his right to appeal the manner in which the sentence is
determined on grounds set forth in 18 U.S.C. § 3742.  The defendant also waives his right to challenge the
prosecution, conviction, or sentence and/or the manner in which it was determined in any collateral attack,
including but not limited to a motion brought under 28 U.S.C. § 2255.  This waiver provision, however, will
not prevent the defendant from seeking relief otherwise available if: (1) there is an explicitly retroactive
change in the applicable guidelines or sentencing statute, (2) there is a claim that the defendant was
denied the effective assistance of counsel, or (3) there is a claim of prosecutorial misconduct.
Additionally, if the government appeals the sentence imposed by the Court, the defendant is released from
his waiver.

supports plea agreements that include an appeal waiver." *United States v. Elliott*, 264 F.3d 1171, 1174 (10th Cir. 2001) (citation omitted). "A waiver of appellate rights can be of great value to an accused as a means of gaining concessions from the government." *Id*. "Appellate waivers also benefit the government by saving them time and money involved in arguing appeals." *Id*. And "[s]ociety benefits from the finality that waivers bring." *Id*. "In order to preserve their value [to defendants, to the government, and to society], such waivers must be accorded their proper effect." *Id*.

A district court has the discretion to reject plea agreements. But this discretion "is not without limit and varies depending on the content of such a bargain." *United States v. Robertson*, 45 F.3d 1423, 1438 (10th Cir. 1995). Case law clearly establishes that separation of powers mandates the judiciary remain independent of executive affairs and vice versa. *See Bordenkircher v. Hayes,* 434 U.S. 357, 364 (1978). Plea agreements involving "charge bargains," that is the dismissal of charges by the government for consideration from the defendant, "directly and primarily implicate prosecutorial discretion whereas judicial discretion is impacted only secondarily." *Robertson*, 45 F.3d at 1437. This is because "charging decisions are primarily a matter of discretion for the prosecution, the representatives of the executive branch of government, who are not mere servants of the judiciary." *Robertson*, 45 F.3d at 1437 (internal quotations omitted). "Thus, while district courts may reject charge bargains in the sound exercise of judicial discretion, concerns relating to the doctrine of separation of powers counsel hesitancy before second-guessing prosecutorial choices." *Id*. "Courts do not know which charges are best initiated at which time, *United States v.*

*Lovasco,* 431 U.S. 783, 793-94 [97 S.Ct. 2044, 2050-51, 52 L.Ed.2d 752 (1977), which

allocation of prosecutorial resources is most efficient, *United States v. Ammidown,* 497

F.2d 615, 621 (D.C.Cir.1973), or the relative strengths of various cases and charges.

*See* Vorenberg, *Decent Restraint of Prosecutorial Power,* 94 Harv.L.Rev. 1521, 1547

(1981)." *Id.*

Accordingly, the Tenth Circuit has held "that in order to insure district courts

exercise sound judicial discretion and adequately respect the principle of prosecutorial

independence, courts must set forth, on the record, the prosecution's reasons for

framing the bargain and the court's justification for rejecting it." *Id*. at 1438.  "Requiring

district courts to articulate the reasons for rejecting a plea agreement not only helps

insure the court is aware of and gives adequate deference to prosecutorial discretion, it

is the surest, indeed the only way to facilitate appellate review of rejected plea

bargains*." Id.*

In this case, the defendant's appellate waiver is appropriate and supported by

adequate consideration.  The defendant is receiving a substantial benefit from the

United States - the dismissal of a charge carrying a mandatory minimum and a higher

statutory maximum.  In exchange, the defendant has agreed to forego most, but not all,

of his appellate rights.  The preservation of government resources and the finality of the

proceeding promoted by this appellate waiver are legitimate interests supported by

public policy.  *See United States v. Elliott*, 264 F.3d 1171, 1174 (10th Cir. 2001).  And

the government believes the plea agreement, with its appellate waiver, is an

appropriate disposition of this case.

### III.  <u>CONCLUSION</u>

Therefore, the government respectfully requests the Court accept the plea

agreement tendered by the parties.

Dated this 9th day of April, 2012.

Respectfully submitted,

JOHN F. WALSH
United States Attorney


*s/ Richard A. Hosley*
RICHARD A. HOSLEY
Assistant United States Attorney
1225 Seventeenth Street, Suite 700
Denver, Colorado  80202
(303) 454-0100
FAX: (303) 454-0406
Email:  richard.hosley@usdoj.gov

ATTORNEY FOR THE UNITED STATES

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of April 2012, I electronically filed the foregoing **UNITED STATES' BRIEF IN SUPPORT OF PLEA AGREEMENT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Edward Robin Harris
Email: Edward_Harris@fd.org

s/Debbie Azua-Dillehay
DEBBIE AZUA-DILLEHAY
Legal Assistant
U.S. Attorney's Office
1225 Seventeenth Street, Suite 700
Denver, Colorado 80202
Telephone: (303) 454-0100
Fax:   (303) 454-0403
E-mail: debbie.azua-dillehay@usdoj.gov