IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 12-cr-0069-JLK

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

TIMOTHY JOHN VANDERWERFF,

    Defendant.
_____

**REPORTER'S TRANSCRIPT**
Change of Plea Hearing
_____

Proceedings before the HONORABLE JOHN L. KANE, JR., Judge, United States District Court for the District of Colorado, commencing at 9:30 a.m., on the 10th day of April, 2012, in Courtroom A-802, United States Courthouse, Denver, Colorado.

**APPEARANCES**

For the Plaintiff:    Richard Allyn Hosley, III
                          1225 17th Street East
                          Seventeenth Street Plaza #700
                          Denver, CO 80202
                          303-454-0100
                          303-454-0403 (fax)

For the Defendant:    Edward Robin Harris
                          Office of the Federal Public Defender
                          633 Seventeenth Street #1000
                          Denver, CO 80202
                          303-294-7002
                          303-294-1192 (fax)

TAMARA HOFFSCHILDT, FCRR, CRR, RMR, Official Reporter
901 19th Street, Room A251
Denver, Colorado, 80294
(303) 292-1088

```
 1              Proceedings Reported by Mechanical Stenography
                      Transcription Produced via Computer
 2     (Proceedings commenced at 9:35 a.m.)

 3            THE COURT:  Thank you.  Be seated, please.  Good

 4     morning.  Late yesterday afternoon I received the United States

 5     brief in support of a plea agreement, and I certainly respect

 6     the position of the United States in the brief, but it doesn't

 7     give me a chance to address these issues at this time.

 8            The other problem with it is that the -- the nature of

 9     this issue of waiver of rights to appeal is such that when

10     the -- when the prosecution and the defense entered into an

11     agreement, the adversary system stops.  I don't have any

12     counsel that is going to argue against the position which they

13     have negotiated and agree with, so I am compelled to review

14     this matter on my own and issue an opinion.

15            So I will continue this matter, and -- as -- as

16     quickly as I possibly can.  I will -- I will issue an order on

17     the question of whether to accept this plea agreement or not.

18     But I, frankly, need time to do that.

19            MR. HOSLEY:  We understand, Your Honor.  May I just

20     give the Court a brief oral argument for the Court's

21     consideration at its later ruling?

22            THE COURT:  Sure.  Of course.

23            MR. HOSLEY:  I do apologize for the late notice of the

24     filing.  I was -- here you go, Mr. Harris.

25            MR. HARRIS:  Thank you.
```

1      *MR. HOSLEY:*  I was scrambling to type as quickly as I
2   could, and I wanted to get it to the Court before today, but we
3   obviously understand the Court's concerns --
4      *THE COURT:*  And let me say, I -- I'm perfectly aware
5   of the fact that this is a policy-driven position by you, and
6   that you have obligations to implement the -- to put into
7   effect the policies of the Department of Justice.  I understand
8   that perfectly and I respect that.  My question is purely one
9   of law, that's all it is.  So if you want to -- I mean, I'm
10  not -- what I'm trying to say is I'm not critical of your
11  getting it in at that time.  I just haven't had time to do
12  anything about it.
13     *MR. HOSLEY:*  Yes, Your Honor.
14     *THE COURT:*  Okay.
15     *MR. HOSLEY:*  We just -- I know -- I guess what I
16  wanted to address was I read, in depth, the Court's ruling in
17  the *Aguirre* matter, which is cited in our brief, but -- and I
18  read the party's submissions to the Court in that case, as
19  well, and I understand that the Court had concerns in *Aguirre*
20  about the parties -- I can't remember exactly how it's phrased,
21  but the Court said you have explained to me the legalities
22  behind the acceptance of a waiver but you have not shown that
23  in this case it ties in to the 3553 factors that are related to
24  sentencing.  And with relation to Mr. Vanderwerff, I wanted to
25  do that, today, because I don't think I did a very good job in

1  my brief of addressing -- actually, I didn't address the
2  3553(a) factors.
3       *THE COURT:*  That's right.
4       *MR. HOSLEY:*  But where I believe it comes into play,
5  Your Honor, in this case, I'm only talking about the uniqueness
6  of this case, not about policies in general, but
7  Mr. Vanderwerff, the case here, as we know, arose several years
8  ago, and that's stated in the facts, and Mr. Vanderwerff has
9  agreed to come before the Court to accept the plea of guilty or
10 to enter a plea of guilty to the possession count and to admit
11 his wrongdoing.  Part of his agreement, obviously, is that he
12 is going to waive his appellate rights, and the government
13 believes that, in this case, Mr. Vanderwerff, that goes to the
14 history and characteristics of this defendant.  He pled guilty
15 in the underlying state case, which although -- I shouldn't say
16 underlying -- kind of accompany state case, and has received
17 treatment and punishment through that case.  He is also willing
18 to plead guilty here.
19      The fact that he is willing to waive his appellate
20 rights tells the government that he has -- he is willing to go
21 above and beyond the normal acceptance of responsibility and
22 also give up, not only his trial rights and his right to hold
23 the government to its burden at trial, but also the right to
24 appeal the sentence that this Court ultimately brings, and as
25 long as it doesn't fall within one of the exceptions to the

1   appellate waiver. We believe that goes directly to his
2   willingness to accept responsibility, which is a part of the
3   history and characteristics of the defendant.
4          He is also, obviously, receiving a considerable
5   benefit from the United States in that we're dismissing the
6   charge that has the mandatory minimum, and we're dismiss --
7   which is the receipt-of-child-pornography charge, and that same
8   charge that's being dismissed also has the 20-year statutory
9   maximum, which is twice the statutory maximum of the possession
10  charge.
11         So far as the consideration prong goes, and the 10th
12  Circuit, as noted in our brief, somewhat applied a contract-law
13  analysis and said if the defendant receives consideration then
14  the appellate waiver is enforceable, and we believe that there
15  is sufficient and significant consideration being received by
16  this defendant for the benefit -- or inures to his benefit to
17  waive his appellate rights. And then additionally, under
18  3553(a) factors, this goes towards his willingness to accept
19  responsibility and ultimately take the sentence imposed upon
20  him, without arguing it further. And we believe this is, in
21  essence, a contractual issue between the parties, and it is
22  legal, and we would just ask the Court to uphold the agreement
23  that's been brought before it today, and we understand that
24  nothing is going to happen today, and we will wait for the
25  Court's ruling.

1    *THE COURT:* That's right. I appreciate the additional
2  information you have given me. Is there anything else,
3  Mr. Harris?
4    *MR. HARRIS:* Yes, briefly, Your Honor. Thank you for
5  the opportunity to address the issue. Number one, I would, in
6  this instance, join in what Mr. Hosley has said and also read
7  to you, and as you know, that sort of the situation where since
8  counsel have kind of jointly negotiated and entered into
9  something, it's not surprising that I'm not arguing effectively
10  against myself. However, what I would add is, just a couple of
11  things, one by way of overview, as I'm sure you know,
12  Your Honor, our office's position, generally, with respect to
13  the appellate-waiver issue is that we initially resisted appeal
14  waivers. We engaged in vigorous negotiation with John Walsh
15  concerning the term of any such waivers, and generally opposed
16  a generic waiver, um, that's imposed simply for policy reasons,
17  or to avoid work or achieve finality or other things
18  independent of an individual-defendant situation. It is our
19  position, generally, Ray Moore's position, specifically, and
20  more importantly to this case, my position and
21  Mr. Vanderwerff's position, though, that this case is not a
22  cookie-cutter application of a appellate waiver, that
23  Mr. Vanderwerff has received specific benefits, which have
24  generally been outlined by Mr. Hosley, and more particularly,
25  that if the Court engages in the kind of case-specific inquiry,

1    using the standard the Court has identified from *Bueno*, citing
2    with approval in *Valley Forge*, that this case would meet that
3    standard; specifically, that the -- the exercise of discretion
4    as to accepting an appellate-waiver results in a decision based
5    on what's fair in the circumstances, and guided by rules and
6    principles of law, and addressing at least what's fair in the
7    circumstances, because I think we all agree that the rules and
8    principles of law permit the Court to exercise discretion one
9    way or the other.  You are correct.  I believe that isn't a
10   question, whether it's legal or not.  It's a question whether
11   you accept it or not.  But looking at that Bueno standard,
12   accepting it would be fair under the circumstances, given,
13   generally, both what Mr. Hosley has said and then,
14   specifically, in terms of 3553 factors provided for
15   just-punishment aspect.
16          In this case the parties have -- have fashioned an
17   agreement that sort of cabins my ability to argue for a
18   sentence below five years, although the Court is, ultimately,
19   free and not bound by that (c)(1)(C), or anything, to give
20   less, that's a distinction from where we would be, had he pled
21   to the receipt, where there would be an actual mandatory
22   minimum, and the Court, at the top end of the range, is limited
23   here by 50 percent -- or rather limited here in the maximum you
24   can give, which is half of what the maximum would be under the
25   receipt.

1     My point being that those concessions, by the
2  government, those benefits to Mr. Vanderwerff, are negotiated
3  benefits, part of which, were negotiated in exchange for the
4  appellate waiver, and that we believe that sentencing within
5  the -- the ranges that the Court is able to sentence under this
6  agreement, rather than the broader, higher range, were the
7  agreement not in place, and were Mr. Vanderwerff pleading to
8  receipt, provide a better opportunity for just punishment under
9  3553.
10    So for all of those reasons, we would urge the Court,
11 in reviewing this, to ultimately accept, in this limited
12 circumstance, an appellate waiver.  Thank you.
13    *THE COURT:*  Thank you.  The -- the Supreme Court,
14 about two or three Mondays ago, an opinion by justice -- two
15 opinions by Justice Kennedy, *Lafler vs. Cooper* and somebody
16 versus Missouri, dealt with the issue of the right to counsel,
17 requiring competent counsel in plea bargains.  And if that's
18 all you read the cases for, what I have to say wouldn't be of
19 any use to anyone, but the language of the *Lafler* opinion is
20 such that it constitutes, in my view, a -- a tectonic shift in
21 our jurisprudence, and it relates to the used of the Court
22 becoming or not becoming a participant in the plea-bargaining
23 process.
24    We have -- up until those cases, the judicial branch
25 has maintained, for want of a better term, since this is the

1  Easter season, a Pontius Pilot attitude about plea bargains.
2  We had nothing to do with it.  There are in the state courts
3  practices that are certainly not present in the federal court
4  of sentence bargaining, although there's a provision under Rule
5  11(c), that a Judge can accept an agreed-upon sentence.  It is
6  not a widely accepted practice by Judges, and it relates to two
7  factors, as I see it.  One is the independence of the
8  judiciary, that we should not be involved in the plea
9  bargaining that goes on.  The other is that there is a
10 mandatory statute in place, 3553, and that sets forth what
11 criteria a Judge is to apply in determining a sentence.  I,
12 obviously, am compelled by my oath and the Rules of Judicial
13 Conduct, the canons to abide by the law, and it sets forth
14 those criteria which are to be considered, and I believe are
15 exclusive in terms of determining sentences.  Whether those
16 factors are exclusive or not is an issue of law that I need to
17 research, but my present belief is that that's the case.  In
18 other words, I can't sentence on a basis other than the
19 criteria listed in 3553.
20         That's one scheme of considerations that I have in
21 believing that this is an incredibly important issue, and that
22 it requires me to give further reflection, certainly on *Lafler*
23 *vs. Cooper* and the implications of that decision.  The other
24 factor that concerns me, and it doesn't deal specifically with
25 this case, and it will not be determinative of my resolve or

1  conclusion, but it is, in the interests of candor, and I tell
2  you, an underwriting, continuing concern, and that is the --
3  the change in our system which has resulted in the near
4  abolition of the jury trial because of plea bargaining.  In
5  less than 2 percent, maybe even 1 percent, now, cases actually
6  end up going to a jury trial.  That's a foundational argument.
7  That's a foundational consideration.  We -- certainly, counsel
8  in this case, are aware of the significant disrepute that
9  obsessive plea bargaining has in this country, and I have to
10 pay attention to that.  This is not a -- and I hope it never
11 is, at least this Court -- is not a cafeteria where sentences
12 are meted out on the basis of choice and bargaining.  I'm
13 trying to do justice.  I can't speak for other Judges.  I can't
14 speak for any Judge in this building who may or may not accept
15 a waiver or under what consideration.  One of the things that
16 concerns me, deeply, is the language in some of the 10th
17 Circuit cases, which suggests, to me, that the Judges on the
18 10th Circuit are not paying attention to their obligations in
19 reviewing the decisions of Judges of the District Court.  I
20 have said that in the *Aquirre* case, and what is, I hope, a more
21 diplomatic way than I just said it now.  But the fact of the
22 matter is there's a reason why we have a Court of Appeals, and
23 while it may seem counterintuitive, I welcome the review of my
24 decisions by the Court of Appeals.  Don't always agree with
25 their decision, but I welcome the fact that my decisions are

 1  being reviewed.  Because I'm trying to do what -- what my
 2  knowledge, experience, and frankly, my spirit, tell me is the
 3  appropriate pursuit of what the law says.  I don't always agree
 4  with the law, but I'm bound by it, and 3553, seems, to me,
 5  is -- is; A, exclusive; and B, determinative of whether or not
 6  a waiver can be accepted.
 7          So having listened to you, and it isn't contained in
 8  Mr. Hosley's brief, as he recognizes, but I'm going to call for
 9  a brief on the application of the 3553 factors to this
10  particular sentence of this particular case, and you -- because
11  you are both on the same side, you can file it jointly if you
12  wish, or separately, but I need to have your considered view of
13  how this fits in with the implications of *Lafler vs. Cooper*,
14  and what the 3553 factor -- factors are, or factor is that
15  merits an acceptance of a waiver.  As I understand, the
16  comments of -- of both Mr. Hosley and Mr. Harris, the
17  acceptance of -- the willingness to agree to a waiver is
18  evidence of an acceptance of responsibility.  I understand the
19  argument.  I'm not sure that absent that waiver there isn't
20  still an acceptance of responsibility.  That may be, in other
21  words, just cumulative.  And then, how much weight is to be
22  given to it is something that I need to consider, as well.
23          I think it's a matter of -- as I have learned to
24  expect from counsel in this case, it's a matter of very, very
25  good lawyering and analysis being presented; but I want more.

```
 1   So give me ten day -- I guess -- is ten days sufficient to file
 2   a brief or do you want more time?
 3              MR. HOSLEY:  Think ten days should be fine,
 4   Your Honor.
 5              THE COURT:  All right.
 6              MR. HARRIS:  And Your Honor, I'm actually going to be
 7   out of town next week, working on another case; maybe if we
 8   could have 14, just to be safe.
 9              THE COURT:  All right.  Fourteen days fine.  Let's get
10   the brief, then I will study the brief and come to a conclusion
11   about this, and then we will proceed one way or the other,
12   based on that, and I will assume that this -- this may well be
13   a matter where an extraordinary writ is called for.  We will be
14   in recess.
15              (Recess at 9:58 a.m.)
```

### REPORTER'S CERTIFICATE

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.  Dated at Denver, Colorado, this 10th day of april, 2012.

*S/Tamara Hoffschildt*
Tamara Hoffschildt