IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO.   12-cr-00069-JLK

UNITED STATES OF AMERICA,

       Plaintiff,

v.

TIMOTHY JOHN VANDERWERFF,

       Defendant.

_____

**DEFENDANT'S STATEMENT IN SUPPORT OF ACCEPTING
PLEA AGREEMENT WITH APPELLATE WAIVER**
_____

COMES NOW Defendant, Timothy John Vanderwerff, by and through his attorney, Edward R. Harris and the Office of the Federal Public Defender, and respectfully requests that this Court accept the plea agreement previously tendered to the Court for the reasons set forth herein.

## FACTS

On April 4, 2012, Defendant submitted to the Court for consideration a proposed plea agreement.  (Plea Agreement attached as Exhibit 1).  The plea contemplates that Defendant plead guilty to Count 2 of the Indictment, Possession of Child Pornography.

This Court, on April 10, 2012, after a scheduled change of plea hearing, did not accept the proposed plea.  The Court expressed concern with appellate waiver language in the plea agreement and asked that the parties justify inclusion of such language in the agreement.

Defendant and the government have negotiated a plea agreement in this case which includes multiple benefits to each side. The agreement contemplates a waiver of appellate rights in exchange for significant sentencing concessions by the government, including that the government, because of the dismissal of Distribution of Child Pornography charges, is effectively limited to seeking a sentence of no more than ten years (the statutory maximum) instead of twenty years without the agreement. Further, under the agreement, although Defendant has agreed not to seek a below five-year sentence, the government cannot prevent the court from sentencing below five years because it has dismissed counts with mandatory minimum sentences.

Defendant and the government negotiated the terms of this agreement. Both sides benefit from it. Defendant agreed to accept an appellate waiver as a condition of receiving the significant sentencing benefits otherwise contained in the agreement.

## ARGUMENT

**A.    The Plea Agreement Benefits Both Sides.**

Both sides stand to benefit from the proposed plea agreement. The government gets a certain conviction, avoids the time and expense of trial, achieves finality in the result, and assures a sentence consonant with its mission of seeking justice and not merely convictions. Defendant avoids the significant risk of losing at trial and thereby also avoids a sentence of up to twenty years and a mandatory minimum of five years.

**B.     Acceptance of an Appellate Waiver in this Case Is Tied to Specific § 3553 Factors[1]**

   **1.     Agreeing to an Appellate Waiver Shows Extraordinary Acceptance of Responsibility, an Example of History and Characteristics of the Defendant**

One statutory factor which courts must consider at sentencing is the history and characteristics of an offender. *See* 18 U.S.C. § 3553(a). Here, Defendant has demonstrated a willingness not only to accept the usual degree of responsibility for his actions by entering a guilty plea, but also to accept a greater than usual acceptance of responsibility as evidenced by agreeing to an appellate waiver. He is telling the government and the court that he is willing, as part of a plea of guilty, not only to end any pretrial litigation about his responsibility for his crime, but also that he is willing to accept the court's sentence as final punishment for his actions.

   **2.     The Bargained for Benefit of No Mandatory Minimum and 50% Lower Statutory Maximum Results in Increased Sentencing Discretion Which Advances Seminal § 3553 Goals**

The seminal goal of sentencing in federal court is the parsimony principle enunciated in 18 U.S.C. § 3553, that all sentences shall be sufficient but no greater than necessary to achieve the goals of sentencing. It is axiomatic that the key requirement of any sentence is that it be just. Without the bargained for appellate waiver, there would be no plea of guilty in this case. Absent that waiver, the government would not have offered anywhere near as

---

[1] Although Defendant does not concede that there is any required linkage between acceptance of an appellate waiver and 18 USC 3553, he understands the Court's view is that such waivers must be tied to sentencing factors set forth in the statute.

favorable a disposition to Defendant. If convicted of the remaining counts at trial or by plea of guilty, Defendant would face extraordinarily harsh sentencing well beyond that which he would face under the proposed agreement. His upper and lower ends of statutory sentences would be dramatically different. On a plea, sentencing could be anywhere from probation (at the court's discretion) to a ten-year cap. In contrast, without a plea, the court would have no leeway but to impose a sentence of at least five years and could give up to twenty years of prison. The parties submit that the sentencing options available from the proposed plea agreement better accommodate the interests of justice and the strictures of 18 U.S.C. § 3553.

C.  **This Case Implicates Neither *Lafler* Nor *Frye***

The Court has asked the parties to offer their views on the implications of the recent *Lafler v. Cooper*, No. 10-209 (2012 WL 932019) (March 21, 2012) opinion. Counsel understands that the Court views this decision (and perhaps it's companion case *Missouri v. Frye*, No. 10-444 (2012 WL 932020) (March 21, 2012)), as a "tectonic shift in jurisprudence" relative to the Court "becoming or not becoming a participant in the plea-bargaining process." Counsel recognizes the implications of those decisions as they relate to issues involving effective assistance of counsel and the rejection of plea agreements by defendants who are not properly counseled about their options or advised of plea offers. Respectfully, however, he disagrees with the notion that these opinions expand the role trial judges in the acceptance of plea agreements absent a claim of ineffective assistance of counsel. To the extent that the opinions implicate the court's supervisory role in the plea process at all, they offer only a retrospective and not prospective role to the court. In both cases, the matters at issue

involved failures by defense counsel properly to advise clients with respect to plea offers. Neither case involved the Court inquiring on the front end about whether to accept an extant plea agreement.

  WHEREFORE the proposed plea agreement including the waiver of appellate rights is appropriate and should be accepted by this Court.

               Respectfully submitted,

               RAYMOND P. MOORE
               Federal Public Defender


               s/ Edward R. Harris
               Edward R. Harris
               Assistant Federal Public Defender
               633 17th Street, Suite 1000
               Denver, CO  80202
               Telephone:  (303) 294-7002
               FAX:  (303) 294-1192
               Edward_Harris@fd.org
               Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on April 19, 2012, I electronically filed the foregoing **DEFENDANT'S STATEMENT IN SUPPORT OF ACCEPTING PLEA AGREEMENT WITH APPELLATE WAIVER** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Richard A. Hosley, Assistant United States Attorney
    Richard.hosley@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Mr. Timothy J. Vanderwerff       *via U.S. mail*

                s/ Edward R. Harris
                Edward R. Harris
                Assistant Federal Public Defender
                633 17th Street, Suite 1000
                Denver, CO  80202
                Telephone:  (303) 294-7002
                FAX:  (303) 294-1192
                Edward_Harris@fd.org
                Attorney for Defendant