## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

**Criminal Case No.  12-cr-00069-JLK**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**1.  TIMOTHY JOHN VANDERWERFF,**

**Defendant.**

---

### UNITED STATES' BRIEF IN SUPPORT OF PLEA AGREEMENT

---

The United States, represented by John F. Walsh, United States Attorney for the District of Colorado, and Richard A. Hosley, Assistant United States Attorney, hereby responds to the order of the Court, given orally on April 10, 2012 [Doc. No. 15], and submits this additional brief in support of the proposed plea agreement.

## I.  <u>FACTUAL BACKGROUND</u>

On October 6, 2009, law enforcement officers executed a search warrant at the defendant's home.  Agents seized various items including a desktop computer, hard drive and printed images of child pornography.  A subsequent forensic examination of the computer and hard drive located hundreds of files containing images of child pornography.  The printed hard copies also contained images of child pornography.  In two interviews, the defendant admitted that he received and saved child pornography images from the internet.  He also acknowledged that he had printed the hard copy images of child pornography.

Simultaneous with the federal investigation, state law enforcement officers investigated allegations of improper sexual contact between the defendant and an 11-year-old neighbor.  In July 2010, the defendant pleaded guilty to, and was convicted of, the state felony offense of Sexual Assault on a Child - Victim Less Than 15 in Rio Grande County, Colorado, Case Number 2009CR193.  The defendant received a sentence of 90 days jail followed by sex offender specific probation.

In February 2012, a federal grand jury indicted the defendant for the crimes of receipt of child pornography (Count 1) and possession of child pornography (Counts 2 and 3). [Doc. No. 1].  *Receipt* of child pornography (Count 1) carries a statutory mandatory minimum of five years imprisonment and a maximum of up to 20 years imprisonment.  18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1).  *Possession* of child pornography (Count 2) has a statutory maximum of only 10 years imprisonment with no mandatory minimum punishment.  18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2).

 Following plea negotiations, the parties agreed upon a disposition and have tendered a proposed plea agreement to the Court for its consideration.  Under the proposed agreement, the defendant will plead guilty to Count 2, possession of child pornography.  The government has agreed to dismiss Count 1, receipt of child pornography, and Count 3, possession of child pornography.  The dismissal of Counts 1 and 3 eliminates the statutory mandatory minimum and lowers the potential maximum period of imprisonment to 10 years.  In exchange for these dismissed charges, the defendant has agreed to waive some, but not all, of his appellate rights in addition to his

plea of guilty.[1]  The defendant has also agreed that he will not request a sentence below five years imprisonment, although the Court remains free to impose any reasonable sentence up to the statutory maximum.

## II.  LEGAL ANALYSIS & DISCUSSION

### A.    Appellate Waivers Are Legal And Supported By Sound Public Policy

It is well established that appellate waivers are legal and acceptable.  Rule 11 of the *Federal Rules of Criminal Procedure,* which governs pleas and plea agreements, specifically recognizes appellate waivers, noting that a court "must inform the defendant of, and determine that the defendant understands... the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence"  Fed. R. Crim. P. 11(b)(1)(N).  The inclusion of this language indicates that both the Supreme Court, through its promulgation of this rule, and Congress, through its decision to allow the rule to be adopted, expressly support appellate waivers.

Case law also demonstrates judicial support of appellate waivers.  There is no constitutional right to an appeal in criminal cases.  *Abney v. United States*, 431 U.S.

---

[1]Under the plea agreement, the defendant waives his right to appeal any matter in connection with this prosecution, conviction, or sentence unless one of the following three criteria are met:  (1) the sentence imposed is above the maximum penalty provided in the statute of conviction, (2) the Court, after determining the otherwise applicable sentencing guideline range, either departs or varies upwardly, or (3) the Court determines that the offense level is greater than that calculated by the parties below and imposes a sentence based upon that higher offense level determination.  Under the agreement, the defendant also knowingly and voluntarily waives his right to appeal the manner in which the sentence is determined on grounds set forth in 18 U.S.C. § 3742.  The defendant also waives his right to challenge the prosecution, conviction, or sentence and/or the manner in which it was determined in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.  This waiver provision, however, will not prevent the defendant from seeking relief otherwise available if: (1) there is an explicitly retroactive change in the applicable guidelines or sentencing statute, (2) there is a claim that the defendant was denied the effective assistance of counsel, or (3) there is a claim of prosecutorial misconduct. Additionally, if the government appeals the sentence imposed by the Court, the defendant is released from his waiver.

651, 656 (1977).  Appellate rights are statutory.  *Id*.  It is beyond dispute that "[a]

defendant's knowing and voluntary waiver of the statutory right to appeal his sentence

is generally enforceable." *United States v. Hernandez,* 134 F.3d 1435, 1437 (10th Cir.

1998).

Appellate waivers are strongly supported by public policy.  *United States v.*

*Elliott*, 264 F.3d 1171, 1174 (10th Cir. 2001) ("public policy strongly supports plea

agreements that include an appeal waiver").  "A waiver of appellate rights can be of

great value to an accused as a means of gaining concessions from the government."

*Id*.  "Appellate waivers also benefit the government by saving them time and money

involved in arguing appeals."  *Id*.  And "[s]ociety benefits from the finality that waivers

bring."  *Id*.  "In order to preserve their value [to defendants, to the government, and to

society], such waivers must be accorded their proper effect." *Id*.

### B.    Contract Principles Govern Plea Agreements and Appellate Waivers

"[C]ontract principles govern plea agreements" in the Tenth Circuit.  *United*

*States v. Hahn*, 359 F.3d 1315, 1324-1325 (10th Cir. 2004) (citing *United States v.*

*Rockwell Int'l Corp*, 124 F.3d 1194, 1199 (10th Cir. 1997)).  The Tenth Circuit, applying

basic contract law to plea agreements, has found that an appellate waiver is

enforceable if it is supported by adequate consideration.  *United States v. Hernandez,*

134 F.3d 1435, 1437 (10th Cir. 1998).

In the present case, the defendant is receiving a substantial benefit from the

United States - the dismissal of a charge carrying a mandatory minimum of five years

imprisonment and a statutory maximum twice that of the charge of conviction.  In

exchange, the defendant has agreed to forego most, but not all, of his appellate rights.

Thus, both parties and the public benefit from the agreement.  And the consideration

the defendant has extracted from the government is not only adequate – it is

substantial.

C.      **_Lafler_ and _Frye_ Are Not Applicable; Defendant Has Received**
        **Effective Counsel**

The government agrees with the defense that the companion Supreme Court

cases of *Lafler v. Cooper*, 132 S.Ct. 1376 (2012) and *Missouri v. Frye*, 132 S.Ct. 1399

(2012) are not applicable to our present case.  Generally speaking, "there is no

constitutional right to plea bargain; the prosecutor need not do so if he prefers to go to

trial." *Weatherford v. Bursey,* 429 U.S. 545, 561, 97 S.Ct. 837, 51 L.Ed.2d 30 (1977).

If the parties do elect to engage in plea negotiations, however, *Lafler* and *Frye* affirm

that a defendant has the right to competent counsel during the plea bargaining process.

*Lafler v. Cooper*, 132 S.Ct. at 1384; *Missouri v. Frye*, 132 S.Ct. at 1402.  *Frye*

constitutionalized the ethical obligation of a defense counsel to communicate formal

plea offers from the prosecution to the accused.  *Frye* at 1408.  *Lafler* held that once a

plea bargain is offered, a defendant has the right to effective assistance of counsel in

considering whether to accept or reject it.  *Lafler* at 1387.  Here, the defendant has

received effective counsel during the plea negotiation process.  Government offers

were obviously communicated to the accused in a timely fashion.  And defense counsel

has negotiated a favorable disposition for the defendant.  Acceptance of this plea

agreement would not cause any prejudice to the accused; it would only benefit him.

Conversely, rejection of the plea agreement would be to the defendant's detriment

because he would then be facing the possibility of a five-year mandatory minimum and 20-year statutory maximum.

### D.      The § 3553 Sentencing Factors Support the Proposed Agreement

At sentencing, the Court must consider the nature and circumstances of the offense of conviction and the defendant's history and characteristics.  18 U.S.C. § 3553(a)(1).  The Court must then impose a sentence that sufficiently reflects the seriousness of the crime, promotes respect for the law, and provides just punishment. 18 U.S.C. § 3553(a)(2)(A).  The sentence should adequately deter criminal conduct, protect the public, and provide any necessary education, training or treatment.  18 U.S.C. § 3553(a)(2)(A)-(D).

In this case, the defendant's waiver of his appellate rights is a characteristic of the defendant that should be considered under 18 U.S.C. § 3553(a)(1) and 18 U.S.C. § 3661 ("[n]o limitation shall be placed on the information concerning the background, character, and conduct" of the defendant which the Court "may receive and consider when imposing an appropriate sentence.")  Here, not only is the defendant willing to forego his trial rights by accepting responsibility for his crimes, the defendant is also willing to waive important appellate rights.  This demonstrates the defendant's remorse and high level of acceptance of responsibility for his criminal actions.

The plea agreement would also promote respect for the law, because it would resolve the case in a timely and fair fashion.  As the old saying goes, "justice delayed is justice denied."  *Johnson v. Rogers*, 917 F.2d 1283 (10th Cir. 1990).  Here, rather than

delay justice, the defendant and the government have agreed to expedite justice through a timely plea and waiver of appeal.  As noted above, "[s]ociety benefits from the finality that waivers bring."  *United States v. Elliott*, 264 F.3d at 1174.  Finally, the government believes that up to 10 years imprisonment will provide just punishment for the offense considering the age of the crime, the age of the defendant, and the intervening state prosecution.

### III.  CONCLUSION

WHEREFORE, the government respectfully requests the Court accept the plea agreement tendered by the parties.

Dated this 24th day of April, 2012.

Respectfully submitted,

JOHN F. WALSH
United States Attorney


*s/Richard A. Hosley*
RICHARD A. HOSLEY
Assistant United States Attorney
1225 Seventeenth Street, Suite 700
Denver, Colorado  80202
(303) 454-0100
FAX: (303) 454-0406
Email:  richard.hosley@usdoj.gov

ATTORNEY FOR THE UNITED STATES

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of April 2012, I electronically filed the foregoing **UNITED STATES' BRIEF IN SUPPORT OF PLEA AGREEMENT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Edward Robin Harris
Email: Edward_Harris@fd.org

s/Valerie Nielsen
VALERIE NIELSEN
Legal Assistant
U.S. Attorney's Office
1225 Seventeenth Street, Suite 700
Denver, Colorado 80202
Telephone: (303) 454-0100
Fax:   (303) 454-0406
E-mail: valerie.nielsen@usdoj.gov