IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 12-cr-00069

UNITED STATES OF AMERICA,
         Plaintiff,

v.

1.  TIMOTHY JOHN VANDERWERFF
         Defendant.

ORDER re Doc. 28

Kane, J.

The Defendant has filed a document (Doc. 28) entitled "Unopposed Request to Either Vacate the August 9, 2012 Final Trial Preparation Conference and August 30, 2012 Trial Dates or for a Status Conference." Requests for court action are required to be in the form of a motion so that court records may be kept as accurately as possible. Therefore, I will consider this "request" as a Motion to Vacate and as such it is DENIED.

On July 12, 2012 the Defendant filed a "Notice of Appeal" of this Court's rejection of a proposed plea bargain. Erroneously, the Notice of Appeal states the "sole basis for the order rejecting the plea agreement was the agreement's inclusion of an appeal waiver." (Doc. 22.) The precise basis for rejecting the plea was that the proposed disposition presented failed to contain any factual basis upon which the Court could determine whether to accept or reject the waiver provision in the proposed plea agreement. *See* Order (Doc. 18) at pp. 9-10 (while waivers of appeal may lawfully be included in a plea agreement, the acceptance or rejection of such a waiver is a matter of

judicial discretion and the parties had presented nothing upon which the Court could exercise discretion).

The Motion to Vacate is denied for the following reasons:

1. There is no express provision in law for an interlocutory appeal in a criminal case to be taken by a defendant. Even were one inferable by analogy to civil cases, this is not an interlocutory appeal because there is no procedurally adverse ruling from which the appeal is taken and no advocate (appellee) for the ruling appealed. *See U.S. v. McVeigh*, 119 F.3d 806, 809 (10th Cir. 1997)(in determining basis of appellate jurisdiction over appeal of orders to seal in capital case, concluding proper vehicle for challenging orders was mandamus, rather than collateral order doctrine).

2. There is no final judgment or sentence of the Defendant upon which to base an appeal, nor has any adverse action been taken against this Defendant. About the only allegation that can be made is that if the Defendant proceeds to trial on the three counts of the indictment with which he is charged or pleads guilty to all counts, he is subject to a risk, but not a certainty, that he may possibly be sentenced to more than what he attempted to bargain for. The other possibility is that the Government can choose, as it has done in other cases, to renegotiate the plea agreement and either remove the proposed waiver of right to appeal or provide facts and argument showing that a waiver in this particular case is related to the mandatory sentencing criteria set forth in 18 U.S.C. § 3553. In any scenario, there is no justiciable basis for asserting before any sentence is imposed that the Defendant will receive an illegal sentence.

3. This Court is not divested of jurisdiction by the filing of a judicial nullity and, perforce, must proceed to exercise its jurisdiction unless and until ordered to the contrary by the Court of Appeals.

4. Judicial review by the Court of Appeals of an order rejecting a plea bargain can only be based on an allegation of abuse of discretion and the appropriate Rule for obtaining such review is FRAP Rule 21(a) governing Mandamus or Prohibition to a Court. This Rule provides that the district court be served with process and provided an opportunity to show cause why the relief prayed for should not be granted. In conjunction with FRAP Rule 8, moreover, the Rule would also provide for the issuance by the Court of Appeals, in its discretion, of an order staying proceedings in the district court. Of course, if ordered to stay proceedings under a valid order by the Court of Appeals, such would be done immediately.

*Conclusion*.

With both the Government and the Defendant seeking the same result in this effort to appeal an interlocutory order, there is no case in controversy. To put the matter

indelicately, the parties are seeking to avoid the essential (adversarial) presentation of issues upon which cases in controversy are based.  Further, allowing interlocutory appeals of plea agreement rejections in criminal cases would eviscerate the provisions of 18 U.S.C. § 3161 *et seq.* (Speedy Trial Act).  Finally, allowing the parties' challenge to my Order rejecting their plea agreement to proceed by interlocutory appeal could result only in an advisory opinion in a matter concerning which no prejudice has attached.  If the advisory opinion were to reverse that Order, how would further appeal to the Supreme Court be obtained?  It could not, because the actual interested parties – the public and the Court – would lack any procedural vehicle for seeking it.

The Request (Motion) to Vacate Trial Date (Doc. 28) is DENIED.  The Clerk is directed to TRANSMIT a copy of this Order to the Tenth Circuit Court of Appeals for filing in their appeal, No. 12-1280.

Dated July 31, 2012.

**s/John L. Kane**
SENIOR U.S. DISTRICT JUDGE