**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No.  12-cr-00069-JLK

UNITED STATES OF AMERICA,

   Plaintiff,

v.

1.  TIMOTHY JOHN VANDERWERFF

   Defendant.

---

**GOVERNMENT'S NOTICE OF INTENT TO INTRODUCE EVIDENCE UNDER FED.
R. EVID. 414**

---

   Comes now the United States of America, through Judith A. Smith and Richard A.

Hosley, Assistant United States Attorneys, and pursuant to Fed. R. Evid. 414 hereby gives notice

of its intent to introduce evidence of defendant's prior offense of child molestation.  In particular

the United States intends to introduce Colorado state court records confirming defendant's 2010

conviction under Colorado Revised Statute 18-3-405(1), for Sexual Assault on a Child-Victim

Less than 15.

  **I.** **The Defendant's Current Charges and Conviction in 2010 for Sexual Assault on A
   Chlild-Victim Under 15 Satisfy the Factors for Admissibility.**

Rule 414 provides in pertinent part:

> In a criminal case in which the defendant is accused of an offense of child
> molestation, evidence of the defendant's commission of another offense or
> offenses of child molestation is admissible, and may be considered for its bearing
> on any matter to which it is relevant.

*Id*.  The Tenth Circuit has held that for a prior crime of child molestation to be admissible under

this rule, the trial court must determine that:  1) the defendant is accused of an offense of child

1

molestation; 2) the evidence proffered is evidence of the commission of another offense of child molestation; and 3) the evidence is relevant. *United States v. Sturm,* 673 F.3d 1274, 1282 (10th Cir. 2012). All of these factors are met here. First, "Offense of child molestation" is defined as including, *inter alia,* a crime under Federal or State law that involved conduct proscribed under Chapter 110 of Title 18 of the U.S. Code. *Id.* Conspiracies and attempts are also included. *Id.* Defendant is accused of possession of child pornography, in violation of 18 USC § 2252A, which is contained at Chapter 110 of Title 18 of the U.S. Code. Thus, defendant is accused of an offense of child molestation as defined by Rule 414.

Second, the evidence proffered is evidence of the commission of another offense of child molestation. Defendant's prior Colorado conviction for Sexual Assault on a Child-Victim Less than 15 also properly comprises an offense of child molestation under the rule, as defendant pled guilty to a crime that involved, *inter alia,* "contact between any part of the defendant's body—or an object—and a child's genitals or anus," as well as "any conduct prohibited by 18 U.S.C. chapter 109A and committed with a child." Fed. R. Evid. 414(a), (d)(2)(A) and (C); Colo. Rev. Stat. § 18-3-405(1). The prior conviction qualifies under either definition even assuming there was never skin-to-skin contact between the victim's genitals and the defendant's hands, because "touching through the clothing does satisfy the requirements of ... subsection (1), which refers to 'any conduct proscribed by chapter 109A of title 18, United States Code.' *See Johnson v. Elk Lake Sch. Dist.,* 283 F.3d 138, 158 (3d Cir. 2002) (citing 18 U.S.C. § 2244, which proscribes "abusive sexual contact," and 18 U.S.C. § 2246(3), which defines "sexual contact" as "intentional touching, *either directly or through the clothing,* of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person")(emphasis added). This is bolstered by the

rule's plain language. *United States v. Fred*, CR 05-801 JB, 2006 WL 4079618 (D.N.M. Dec. 1, 2006) (unpublished). Thus, defendant's prior conviction constituted a crime of child molestation under Rule 414.

## II.  The Tenth Circuit Has Held That Evidence Offered Under Rule 414 Is To Be Admitted "Liberally."

The Tenth Circuit has repeatedly held that evidence of this nature is properly admissible under Rule 414 and Rules 402 and 403 in child-exploitation cases.  At least thirteen opinions from within the district and appellate courts of the Tenth Circuit discussing Rule 414 exist, none of which concluded that the district court abused its discretion in admitting Rule 414 evidence, or restricted the admission of evidence offered under Rule 414 because it was unfairly prejudicial.[1] In a frequently-cited case on this issue, *United States v. Castillo*, 140 F.3d 874 (10th Cir. 1998), defendant-appellant lived on a New Mexico Navajo reservation, and was indicted on multiple counts of sexual abuse of a minor.  *Id*. at 878.  The Tenth Circuit held that the district court properly allowed the government to admit under Rule 414 evidence of defendant's prior uncharged acts of sexual abuse.  *Id*.  The government admitted this evidence through the testimony of defendant's minor victims, as well as the physicians who treated those victims.  *Id*.

---

[1] The leading cases are cited or discussed below, and six others are cited here.  *United States v. Sturm,* 673 F.3d 1274 (10th Cir. 2012) (approving district court's admission of prior child pornography offense*); United States v. Benally*, 500 F.3d 1085 (10th Cir. 2007)(approving district court's admission without evidentiary hearing of defendant's prior sex-offense convictions); *United States v. Drewry*, 365 F.3d 957 (10th Cir. 2004)(approving district court's admission of testimony regarding defendant's uncharged prior acts of child molestation from twenty-five years earlier); *United States v. Mann*, 193 F.3d 1172 (10th Cir. 1999)(district court did not abuse discretion in admitting evidence of defendant's prior uncharged sexual acts); *United States v. Charley*, 189 F.3d 1251 (10th Cir. 1999)(district court did not abuse discretion in admitting evidence of defendant's prior conviction for sexual molestation); *Sanchez v. Brokop*, 398 F. Supp. 2d 1177 (D.N.M. 2005)(in civil suit, evidence of defendant's molestation of minors was properly admitted); *Pratt v. Sirmons*, 2006 WL 3064103, No. CIV-04-1070 F (W.D. Okla. Oct. 26, 2006)(in habeas action, approving state court's admission of testimony regarding defendant's sexual acts twelve years prior to charged acts).

at 878-79.  The Tenth Circuit stated that in cases involving child molestation, Rule 414 "replaces

the restrictive Rule 404(b), which prevents parties from proving their cases through 'character'

or 'propensity' evidence."  *Id*. at 879, citing *United States v. Meacham*, 115 F.3d 1488, 1491

(10th Cir. 1997)(district court did not abuse its discretion in admitting evidence of defendant's

alleged prior molestation of his stepdaughters).

The Tenth Circuit further stated that Rule 414 "allows the prosecution to use evidence of

a defendant's prior acts for the purpose of demonstrating to the jury that the defendant had a

*disposition of character, or propensity*" to commit these types of crimes.  *Castillo*, 140 F.3d at

879 (emphasis added).  In *Castillo*, defendant had mounted several facial challenges to the

constitutionality of Rule 414, and the Tenth Circuit rejected each of them, holding that Rule 414

violated neither the Due Process clause, the Fourteenth Amendment, nor the Eighth

Amendment's prohibition against cruel and unusual punishment, in large part because (1) an

earlier Tenth Circuit opinion, *United States v. Enjady*, 134 F.3d 1427 (10th Cir. 1998), had

explicitly recognized the constitutionality of Rule 413, the companion rule to Rule 414 that

relates to sexual abuse generally; and (2) evidence offered under Rule 414 remained subject to

analysis under Rules 402 and 403.  *Id*. at 879-84.

A district court's determinations under Rule 403 are reviewed for an abuse of discretion,

and the district court need not make detailed factual findings in support of its Rule 403

determination.  *Id*. at 884.  Instead, the court should fully evaluate the proffered Rule 414

evidence and make a clear record of the reasoning behind its findings.  *Id*.

Generally speaking, the exclusion of relevant evidence under Rule 403 "is an

extraordinary remedy and should be used sparingly." *United States v. Rodriguez*, 192 F.3d 946,

949 (10th Cir. 1999).  "Unless trials are to be conducted on scenarios, on unreal facts tailored

and sanitized for the occasion, the application of Rule 403 must be cautious and sparing," *United States v. Naranjo*, 710 F.2d 1465, 1469 (10th Cir. 1983).  Rule 403 does not allow the exclusion of relevant evidence merely because it is prejudicial or even highly prejudicial.  Indeed, all incriminating relevant evidence is highly prejudicial to the defense because it tends to prove the government's case and the defendant's guilt.  As stated by the Tenth Circuit, "relevant evidence of a crime which the government must introduce to prove its case is by its nature detrimental to a defendant who asserts that he is not guilty of the charged offense." *United States v. Tan*, 254 F.3d 1204, 1211-1212 (10th Cir. 2001).

The issue under Rule 403 is not whether the evidence is prejudicial.  The relevant issue is whether the evidence is unfairly prejudicial, and if so, whether that danger of unfair prejudice substantially outweighs the probative value of the evidence.  Fed. R. Evid. 403.  But the mere presence of unfair prejudice is not enough to warrant exclusion under the rule.  If there is a danger of unfair prejudice, that danger must substantially outweigh the probative value of the evidence in order to be excluded under Rule 403.  *United States v. Tan*, 254 F.3d at 1212.  When engaging in the requisite balancing test, the Court must "give the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value." *United States v. Cerno*, 529 F.3d 926, 935 (10th Cir. 2008).

In the context of this case, the Rule 414 evidence is highly probative.  As noted, Rule 414 is allowed to prove propensity, which therefore is relevant as to the crimes charged in this case.  And, the Tenth Circuit has stated that the court should still "liberally" admit evidence under Rule 414 of prior relevant conduct.  *United States v. Meacham*, 115 F.3d at 1492.

The Tenth Circuit in *Castillo* concluded that the ban on propensity evidence historically did not take hold in cases involving sexual abuse of children.  *Castillo* at 881.  The court noted

that, as of 1988, over twenty-three states had enacted rules allowing evidence of previous

uncharged acts in cases involving sexual abuse of children.  *Id.*  The Tenth Circuit wrote that

> the history of evidentiary rules regarding a criminal defendant's sexual propensities is
> ambiguous at best, particularly with regard to sexual abuse of children.  The existence of
> this ambiguity does not leave us uncertain of the constitutional result, however; it favors
> the government.  As the Supreme Court stated [internal citations omitted] "It is not the
> [government] which bears the burden of demonstrating that its rule is 'deeply rooted,' but
> rather [the defendant] who must show that the principle of procedure *violated* by the rule
> (and allegedly required by due process) is 'so rooted in the traditions and conscience of
> our people as to be ranked as fundamental.'"  *Egelhoff*, 518 U.S. at 47 (quoting *Paterson
> v. New York*, 432 U.S. 197, 202 (1977).

*Castillo*, 140 F.3d at 881-82.

Rule 414 incorporates Congress's view that this evidence is "typically relevant and

probative."  140 Cong. Rec. S12990 (daily ed. Sept. 20, 1994) (statement of Sen. Dole); *see also

United States v. LeCompte*, 131 F.3d 767, 769 (8th Cir. 1997) (noting "the strong legislative

judgment that evidence of prior sexual offenses should ordinarily be admissible").

### III.    The Factors Under Rule 414 and Rule 403 Render the Evidence Admissible

Evidence of a prior offense of child molestation that satisfies Rule 414 must yet be

evaluated under Rule 403.  *United States v. Sturm,* 672 F.3d 891, 901-02 (10th Cir. 2012).  The

factors that the court must consider when performing a Rule 403 balancing in the Rule 414

context are as follows:  1) how clearly the prior act has been proved; 2) how probative the

evidence is of the material fact it is admitted to prove; 3) how seriously disputed the material fact

is; and 4) whether the government can avail itself of any less prejudicial evidence.  *Id.; United

States v. McHorse*, 179 F.3d at 898; *United States v. Enjady*, 134 F.3d 1427, 1433 (10th

Cir.1998). "No single factor is dispositive."  *United States v. Mann*, 193 F.3d 1172, 1174-75

(10th Cir.1999).  The first factor requires the district court to "make a preliminary finding that a

jury could reasonably find by a preponderance of the evidence that the prior similar sexual act

occurred." *Id*. at 1174; *United States v. McHorse*, 179 F.3d at 899 (finding that court properly concluded that the government had established the defendant's prior acts with evidence sufficient to support a finding by a preponderance that the defendant had in fact committed those acts) (citing *United States v. Enjady*, 134 F.3d at 1433).

When analyzing the probative dangers, a court needs to consider: "1) how likely is it such evidence will contribute to an improperly-based jury verdict; 2) the extent to which such evidence will distract the jury from the central issues of the trial; and 3) how time consuming it will be to prove the prior conduct." *Id*. at 898 (citation omitted).  Finally, when admitting evidence under rule 414, the court must "make a reasoned, recorded" statement of its 403 decision.  *See United States v. Castillo*, 140 F.3d at 884 (citation omitted).

Recent district court opinions from this circuit have followed *Castillo* in allowing evidence of prior molestation under Rule 414.  In *United States v. Sandoval*, 410 F. Supp. 1071 (D.N.M. 2005), the United States sought to introduce testimony by defendant's daughter, her mother, and defendant's former girlfriend, of defendant's acts of sexual abuse that occurred over twelve years prior to the trial date. *Id*. at 1073.  The district court allowed this evidence to be introduced under Rule 414, citing *Castillo*. *Id*. at 1075-80.  The *Sandoval* court noted that, under Tenth Circuit law, the evidence was relevant, citing *United States v. Guardia*, 135 F.3d 1326 (10th Cir. 1998)("A defendant with a propensity to commit acts similar to the charged crime is more likely to have committed the charged crime than another. Evidence of such a propensity is therefore relevant.")(citing *Old Chief v. United States*, 519 U.S. at 181, 117 S.Ct. 644). *Id*. at 1077.

Recalling its "duty to liberally admit evidence of prior offenses under rule 414," set forth by the Tenth Circuit in *Meacham*, the *Sandoval* court held that the evidence satisfied the Rule

414 requirements.  *Id.*  After further holding that the evidence satisfied the Rule 403 balancing

test, the *Sandoval* court allowed the admission of the testimony, albeit with limiting instructions

issued at the beginning and end of the case, as well as immediately before and after the

testimony.  *Id.* at 1080.

### IV. This Court Should Allow The Government To Introduce Official Records Confirming Defendant's Prior Child-Pornography Conviction.

Here, the Court should allow the government to introduce evidence of defendant's prior

conviction for possession of child pornography.  The instant case differs from the above-

described Tenth Circuit precedent in that the government seeks to introduce evidence of

defendant's 2012 relevant prior misconduct and resulting conviction by way of official records

of that conviction, as well as witness testimony.  The conviction occurred in 2010, and the

conduct underlying the conviction overlapped with the time frame charged in the Indictment.

The government does not seek, as was the case in many of the above-cited cases, to introduce

victim testimony about uncharged allegations of misconduct from several years ago, but instead

it seeks to introduce evidence of a crime that overlapped in time with the charged offenses.

Thus, in applying the factors set out by the Tenth Circuit regarding Rule 414, the Court should

allow the government to admit evidence of defendant's prior conviction.

Next, the Court must consider how clearly the prior act has been proved.  There is likely

no clearer proof that defendant committed the prior act than official records from the State of

Colorado showing that defendant, with the advice of counsel, entered a *guilty plea* to a charge of

Sexual Assault on a Child—Victim under 15.  In nearly every Tenth Circuit case cited above,

much less reliable evidence of the prior act, in the form of victim and child testimony regarding

mere *allegations* of prior misconduct, was allowed into evidence.  Clearly, the conviction records

offered by the government here could support a finding beyond a preponderance that defendant was convicted of possessing child pornography.  The government does also intend to introduce witness testimony.

Second, the Court should consider how probative the evidence is of the material fact it is intended to prove.  The defendant committed a sex crime against a child of approximately the same age and gender of the child sex abuse images he sought out and collected.  This conviction is material to show his propensity to knowingly receive and possess child pornography.  It demonstrates his sexual interest in children, and his desire to receive, collect, and keep such images.

Third, the Court must consider how seriously disputed the material fact is.  The material fact, whether the defendant knowingly received child pornography and possessed it is hotly disputed.  The probative value of the defendant's prior guilty plea and conviction under Colorado law is not *substantially outweighed* by its danger of *unfair* prejudice.  The probative value of the nature and events underlying the prior conviction is enormous.  It shows the defendant's sexual interest in children of the same age and gender that are depicted in the images he collected and kept.  There is no *unfair* prejudice here.

Compared to the child and victim testimony regarding unproven allegations from over a decade earlier that was allowed into evidence in the cases described above, the evidence offered here–records and testimony regarding defendant's prior conviction from the time that overlaps with the time the defendant was committing the offenses charged, is far less likely to contribute to an improperly-based jury verdict.  This can be done with records and brief testimony. The evidence is not likely to distract the jury from the central issues of the trial.  This Court can issue

limiting jury instructions at an appropriate time to guard against the jury's inappropriate use of this evidence.

**V. The evidence of defendant's child molestation is also admissible under the Res Gestae doctrine.**

The Tenth Circuit has explained that evidence of other crimes "should not be suppressed when those facts come in as res gestae-as part and parcel of the proof of the offense charged in the indictment." *United States v. Kimball,* 73 F.3d 269, 272 (10th Cir. 1995); *See also United States v. Powell,* No. 98-1111, 1999 U.S.App. LEXIS 7307, at * *13-14 (10th Cir. Apr. 16, 1999) (upholding admission of res gestae evidence).  The Tenth Circuit has approved using res gestae evidence "when it provides the context for the crime, is necessary to a full presentation of the case, or is appropriate in order to complete the story of the crime on trial by proving its immediate context or the res gestae." *Id.*  The United States Court of Appeals for the Sixth Circuit has defined res gestae as "those other acts that are inextricably intertwined with the charged offense or those acts, the telling of which is necessary to complete the story of the charged offense." *United States v. Hardy,* 228 F.3d 745, 748 (6th Cir. 2000); *See also United States v. McVeigh,* 153 F.3d 1166, 1203 (10th Cir. 1999) (describing res gestae evidence as "inextricably intertwined with proper evidence" (internal quotations omitted)). As the Sixth Circuit explained in *United States v. Hardy,* "proper background evidence has a causal, temporal or spatial connection with the charged offense. Typically, such evidence is a prelude to the charged offense, is directly probative of the charged offense, arises from the same events as the charged offense, forms an integral part of a witness's testimony, or completes the story of the charged offense." *United States v. Hardy,* 228 F.3d at 748 (citation omitted). Res gestae evidence, therefore, is admissible because it provides the jury with the "setting" of the case. *United States v. Roberts,* 548 F.2d 665, 667 (6th Cir.1977)("[The jury] cannot be expected to

make its decision in a void-without knowledge of the time, place and circumstances of the acts which form the basis of the charge."); *see also United States v. Fred*, CR 05-801 JB, 2006 WL 4079618 (D.N.M. Dec. 1, 2006) (unpublished).

Again, because the events underlying the defendant's 2010 conviction overlap with the defendant's conduct in the events charged, they give context to the charged events, and are integral to the complete story. Therefore, they are admissible even without regard to Rule 414 and Rule 403.

Finally, should the Court deny the government permission to introduce evidence of defendant's prior conviction, the government requests that it be permitted to introduce this evidence in rebuttal should defendant choose to testify.

Respectfully submitted,

JOHN F. WALSH
United States Attorney

s/ Judith A. Smith
By: Judith A. Smith
By: Richard A. Hosley
Assistant U.S. Attorneys
U.S. Attorney's Office
1225 17th St., Ste. 700
Denver, CO 80202
Telephone: 303-454-0200
Fax: 303-454-0406
E-mail: Judith.Smith3@usdoj.gov
E-mail: Richard.Hosley@usdoj.gov
Attorneys for the United States

CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of August 2012, I electronically filed the foregoing GOVERNMENT'S NOTICE OF INTENT TO INTRODUCE EVIDENCE UNDER FED. R. EVID. 414 with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Edward Robin Harris
Email: Edward_Harris@fd.org

s/Valerie Nielsen
VALERIE NIELSEN
Legal Assistant
United States Attorney's Office
1225 17th Street, Suite 700
Denver, CO 80202
Phone: 303-454-0100
E-mail: Valerie.nielsen@usdoj.gov