## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Criminal Case No. 12-cr-00069-JLK

UNITED STATES OF AMERICA,

> Plaintiff,

v.

1. TIMOTHY JOHN VANDERWERFF,

> Defendant.

---

## PLEA AGREEMENT AND STATEMENT OF FACTS
## RELEVANT TO SENTENCING

---

The United States of America, represented by John F. Walsh, United States

Attorney for the District of Colorado, and Richard A. Hosley and Judith A. Smith,

Assistant United States Attorneys, and the defendant, Timothy John Vanderwerff,

personally and by counsel, Edward R. Harris, Assistant Federal Public Defender,

hereby submit the following Plea Agreement and Statement of Facts Relevant to

Sentencing, pursuant to D.C.Colo L.Cr.R. 11.1.

### I.  PLEA AGREEMENT

*a.*     ***Defendant's Plea of Guilty:***

The defendant agrees to plead guilty to COUNT 1 of the indictment because he

is in fact guilty of the charged offense.  In pleading guilty, the defendant admits the

following:

### COUNT 1

On or about October 4, 2009, in the State and District of Colorado, the

**COURT EXHIBIT
1**

defendant, TIMOTHY JOHN VANDERWERFF, knowingly received any child pornography, as defined by Title 18, United States Code, Section 2256(8)(A), that has been shipped and transported using any means and facility of interstate and foreign commerce, and shipped and transported in and affecting interstate and foreign commerce by any means, including by computer.  All in violation of Title 18, United States Code, Sections 2252A(a)(2)(A) and (b)(1).

NOTE:  Pursuant to Fed. R. Crim. P. 11(a)(2), the defendant reserves his right to appeal the Court's June 28, 2012 Order [Doc. No. 19] rejecting the previously tendered plea agreement containing an appellate waiver.  The government consents to this reservation.

**b.    Nature of the Agreement:**

The parties agree this plea agreement is governed by Rule 11(c)(1)(A), (B), *Federal Rules of Criminal Procedure*.  The defendant acknowledges the agreement will be fulfilled provided: (1) the United States moves to dismiss, and the Court agrees to dismiss, Counts 2 and 3 of the indictment; and (2) the United States makes the sentencing recommendations outlined below.

**c.    Government's Sentencing Recommendation:**

The United States agrees to move the Court to grant the defendant full credit for acceptance of responsibility per USSG § 3E1.1, unless, between the time of his guilty plea and sentencing, the defendant engages in conduct that qualifies for the obstruction of justice enhancement under §§ 3C1.1 and 3E1.1, comment (note 4).

The United States also agrees that, pursuant to the statutory sentencing factors of 18 U.S.C. § 3553, it will recommend a sentence of imprisonment no higher than 12 years.

The defendant understands that the parties' sentencing recommendations are not binding and the Court will make the ultimate decision as to the sentence to be imposed in this case.  The defendant acknowledges and understands that if this agreement is accepted by the Court and Counts 2 and 3 are dismissed, he will not have an automatic right to withdraw his plea simply because the Court does not accept or follow the sentencing recommendations made by the parties.  *See* Fed. R. Crim. P. 11(c)(3)(B), (d)(2)(A).

### d.      *Dismissal of Counts:*

The government agrees to dismiss with prejudice Counts 2 and 3 of the indictment upon the Court's acceptance of this plea agreement and its announcement of a sentence.  The defendant understands that even though Counts 2 and 3 are to be dismissed, the criminal conduct underlying those counts may still be considered by the Court for Guidelines calculations and sentencing purposes.  *See* U.S.S.G. § 1B1.3 and 18 U.S.C. § 3661.

### e.      *Forfeiture of Assets:*

In addition to pleading guilty, as discussed above, the defendant agrees to forfeiture pursuant to 18 U.S.C. § 2253.  The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture whether in the possession or control of the United States or in the

possession or control of the defendant or defendant's nominees, pursuant to any federal criminal, civil, and/or administrative forfeiture action. The defendant also hereby agrees that the forfeiture described herein is not excessive and, in any event, the defendant waives any constitutional claims that the defendant may have. The assets to be forfeited specifically include, but are not limited to, the following items seized from the defendant's residence: (1) a Dell desktop computer, serial number 9FDJ5F1, containing a 250 GB Seagate hard drive, serial number 9QE5TSM1; (2) any and all photocopies, and or computer print outs containing images or visual depictions, as defined in paragraph 2(a) above, or writings depicting sexual activities with or between minors; (3) any other media and/or materials containing child pornography.

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government. Pursuant to the provisions of Fed. R. Crim. P. 32.2(b)(1), the United States and the defendant request that at the time the Court accepts this plea agreement, it make a determination that the government has established the requisite nexus between the property subject to forfeiture and the offense(s) to which defendant is pleading guilty and enter a preliminary order of forfeiture. Pursuant to Fed. R. Crim. P. 32.2(b)(3), the defendant agrees that the preliminary order of forfeiture shall be final as to the defendant at the time it is entered, notwithstanding the requirement that it be made a part of the sentence and be included in the judgment. Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to forfeiture.

4

*f.*      ***Abandonment of Property:***

The United States of America and the defendant also agree that any property subject to forfeiture under 18 U.S.C. § 2253, seized from the defendant or his co-defendants, currently in the custody and/or control of the Federal Bureau of Investigation (FBI), were properly seized and that such property constitutes evidence, contraband, or fruits of the crime(s) to which the defendant has pled guilty. As such, the defendant hereby relinquishes all claims, title and interest the defendant has in such property to the United States of America with the understanding and consent that the FBI, or other appropriate agency, will cause the property described to be destroyed forthwith without further obligation or duty whatsoever owing to the defendant or any other person.

As part of the plea agreement in this case, the defendant hereby states under penalty of perjury that the defendant was the sole and rightful owner of the previously referenced property, and the defendant hereby voluntarily abandons all right and claim to this property.

*g.*      ***Effect of Withdrawal from Plea Agreement:***

The parties stipulate and agree that if the defendant moves to withdraw his guilty plea, entered pursuant to and receiving the benefits of this agreement, and successfully withdraws his plea, either in the district court or on appeal, this agreement will become null and void. If the defendant, at any time after judgment is entered, obtains dismissal, reversal or remand of the count of conviction for any reason, then this agreement will be null and void. If the defendant acts inconsistently with his forfeiture agreement, as

detailed above, then the plea agreement becomes null and void.  The defendant also agrees that neither he, nor anyone he solicits to make statements on his behalf at sentencing, will make a statement to the Court or U.S. Probation that is inconsistent with the statement of facts in this agreement.  The defendant understands that any act in violation of this plea agreement could give the opposing party grounds to unilaterally withdraw from the agreement.  If the plea agreement becomes null and void for any reason, then by this agreement of the parties, the defendant expressly waives any and all claims or rights to have this agreement enforced.  In such event, the defendant waives any objections, motions, or defenses based upon the Statute of Limitations, the Speedy Trial Act, or any other potential restriction on the re-institution of counts dismissed, or institution of counts surrendered, as part of the consideration given by the government in this agreement.

## II.  ELEMENTS OF THE OFFENSE

The essential elements of the offense to which the defendant will plead guilty are as follows:

### COUNT 1 - Receipt of Child Pornography

*One:* The defendant knowingly received child pornography;

*Two:* the child pornography had been mailed, or shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer;

*Three:* the defendant knew of the sexually explicit nature of the child pornography.

"Child pornography" is defined as any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct.  *See* 18 U.S.C. § 2256(8)(A).

"Sexually explicit conduct" means actual or simulated:

1.      sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; or

2.      masturbation; or

3.      sadistic or masochistic abuse; or

4.      lascivious exhibition of the genitals or pubic area of any person.

*See* 18 U.S.C. § 2256(2)(B).

### III. STATUTORY PENALTIES

*a.      Statutory Penalties:*

The statutory penalties for Count 1 are: not less than five (5) years and not more than 20 years imprisonment; not more than a $250,000 fine, or both; supervised release of not less than five (5) years up to life to follow any term of imprisonment (*see* 18 U.S.C. § 3583(k)); and a $100 Special Assessment Fee.

The parties do not believe the following provision is applicable, but if the defendant has been previously convicted under 18 U.S.C. § 1591 or Chapters 71, 109A, 110, or 117 of Title 18, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any State relating to aggravated sexual

abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the

production, possession, receipt, mailing, sale, distribution, shipment or transportation of

child pornography, or sex trafficking of children, then the maximum penalty shall

increase to: not less than 10 years up to not more than 20 years imprisonment; not

more than a $250,000 fine or both; a term of supervised release of not less than 5

years up to life to follow any term of imprisonment (*see* 18 U.S.C. § 3583(k)); and a

$100 Special Assessment Fee.

(*NOTE*: The defendant was convicted in July 2010 of Sexual Assault on a Child

in Rio Grande County, Colorado, Case Number 2009CR193.  The conduct underlying

the federal crime in this case, however, predates that state conviction.  Therefore, the

parties believe the increased punishment is not applicable.  *See United States v. King*,

509 F.3d 1338, 1342-1343 (11th Cir. 2007) (qualifying prior conviction had to occur

before the *conduct* violating the federal statute prohibiting the possession of child

pornography, not merely before the federal conviction)).

**b.**     ***Collateral Consequences:***

The conviction may cause the loss of civil rights, including but not limited to the

right to possess firearms, vote, hold elected office, and to serve on a jury.  If the

defendant is not a United States citizen, this conviction will result in the defendant's

removal from the United States once he has completed any sentence of imprisonment.

The defendant has been advised and understands that under the Sex Offender

Registration and Notification Act (SORNA), a federal law, and pursuant to 18 U.S.C.

§ 3585(d), upon his release from prison and as a condition of his supervised release,

he will be subject to federal and state sex offender registration requirements and those requirements may apply throughout his life. The defendant understands he will be required to register as a sex offender and must keep the registration current with the state sex offender registration agency. The defendant has been advised, and understands, that failure to comply with his registration obligations could subject him to prosecution for violations of applicable state law or 18 U.S.C. § 2250, a federal law, which is punishable by a fine or imprisonment, or both.

Any violation of the conditions of probation or supervised release may result in an additional prison sentence beyond whatever is initially imposed by this Court. If a condition of release is violated, the defendant may be sentenced to up to 2 years without credit for pre-release imprisonment or time previously served on post-release supervision; if the defendant commits any criminal offense under Chapters 109A, 110, or 117, or 18 U.S.C. §§1201 or 1591, for which imprisonment for a term longer than 1 year can be imposed, the defendant shall be sentenced to not less than 5 years and up to the maximum term of imprisonment for the offense, as set forth above.

c.      **Restitution:**

Defendant acknowledges that pursuant to 18 U.S.C. § 2259(a), the Court is required to order restitution for the full amount of the victims' compensable losses as defined at 18 U.S.C. § 2259(b)(3) and(c) as may be proved by the United States or stipulated to by the parties. For purposes of this paragraph, the term "victim" is defined in 18 U.S.C. § 2259(c), and the term "full amount of the victims' losses" is defined in 18 U.S.C. § 2259(b)(3). Defendant further understands the amount of loss sustained by each victim will be determined during the course of preparation of the presentence

investigation report.  Defendant agrees to cooperate in the investigation of the amount of loss and the identification of victims.

Defendant acknowledges that the Court may not decline to award restitution because of the defendant's economic circumstances or the fact that the victims have, or are entitled to receive compensation for their injuries from the proceeds of insurance or any other source.  Defendant understands that an unanticipated amount of a restitution order will not serve as grounds to withdraw defendant's guilty plea.  Defendant further agrees to comply with any restitution order entered into at the time of sentencing, and to cooperate in efforts to collect the restitution obligation, by any means the United States deems appropriate.  Defendant understands imposition or payment of restitution will not restrict or preclude the filing of any civil suit or administrative action.  Defendant agrees any restitution imposed will be non-dischargeable in any bankruptcy proceeding and defendant will not seek a discharge or a finding of dischargeability as to the restitution obligation.

## IV.  STIPULATION OF FACTUAL BASIS AND FACTS RELEVANT TO SENTENCING

The parties agree there is no dispute as to the material elements which establish a factual basis for the offenses of conviction.  Pertinent facts are set out below in order to provide a factual basis for the plea and provide facts which the parties believe are relevant, pursuant to USSG § 1B1.3, to the computation of the appropriate guideline range.  To the extent the parties disagree about facts relevant to sentencing, the statement of facts below identifies which facts are known to be in dispute at the time of the plea.  (§ 6B1.4(b)).

10

The statement of facts herein does not preclude either party from presenting and arguing, for sentencing purposes, additional facts or factors not included within that are relevant to the guideline computation (§ 1B1.3), or to sentencing in general.  (§ 1B1.4). In "determining the factual basis for the sentence, the court will consider the stipulation [of the parties], together with the results of the presentence investigation and any other relevant information.  (§ 6B1.4 Comm.).

### Statement of Pertinent Facts:

The parties agree that the government's evidence would show that the date on which conduct relevant to the offense (§ 1B1.3) began is October 6, 2009.

In October 2009, law enforcement officials were contacted by the defendant's sister-in-law.  She told law enforcement that the defendant's wife, Deni Vanderwerff, had found thousands of images of child pornography on the defendant's computer. Deni also believed the defendant had an improper infatuation with an 11 year-old neighbor.  She had overheard the young girl tell the defendant, "All you want to do is take down my pants."

On October 6, 2009, law enforcement authorities interviewed Deni Vanderwerff. She confirmed the events described by her sister.  Deni believed the defendant was continuing to view child pornography on the computer by using the internet.  Deni also said that she found a large stack of child pornography pictures that appeared to have been printed off the internet.  Deni put these pictures into a suitcase in the attic.

On October 6, 2009, law enforcement officers obtained a state search warrant to search the defendant's home and seize the computer and images of child pornography. The warrant was executed at the defendant's home that same day.  Agents from the

11

FBI and local law enforcement interviewed the defendant during the search.  The defendant told the agents that he began looking at pornography on the internet approximately five years prior.  The defendant said he was initially interested in adult pornography, but later began looking at pornography displaying images of "teens" and pre-teen minors when adult pornography ceased to sexually excite him.  The defendant said he liked to look at child pornography with images of children between the ages of eight and 11 years old.  The defendant admitted that the images sexually aroused him and that he masturbated to those child pornography images.

The defendant said he obtained all of his child pornography from the internet. He would search for child pornography on the internet by using search engines, such as Google.  The defendant would save his favorite websites on his computer so he could return to them later.  The defendant also said that he would download child pornography images from the internet and save them on his computer in an electronic folder entitled "New Folder."  The defendant would occasionally "clean out" the child pornography from that folder by deleting images and emptying those files from the computer's electronic recycle bin.  The defendant believed there were approximately 25 images currently saved in the"New Folder" on his computer.

The defendant admitted that he also printed copies of child pornography images he found on the internet.  During the search of the home, law enforcement officers found 53 pages of printed child pornography images in a suitcase in the attic, as described by the defendant's wife.  The printed pages were shown to the defendant, who admitted he had printed the images from the internet.

A Dell desktop computer and hard drive were seized from the home along with

the printed child pornography images.  The computer and hard drive were submitted to

the Rocky Mountain Regional Computer Forensic Laboratory (RMRCFL) for

examination.  The forensic examination located more than 900 files containing images

of child pornography on the computer.  There were approximately 292 files containing

images of child pornography with prepubescent minors.  There were approximately 27

files containing images of child pornography involving sadistic or masochistic conduct.

There were 2 video files showing child pornography involving prepubescent minors.

Additionally, there were eight "erotic" stories describing adults having sex with children.

There were 27 files of child pornography images located in the "New Folder" section on

the computer described by the defendant.  The electronic metadata for at least two of

the images showed they had been received and saved on the defendant's computer on

October 4, 2009.

The child pornography images from the computer and the printed pages were

sent to the National Center for Missing and Exploited Children (NCMEC) for review by

the Child Victim Identification Program (CVIP).  CVIP catalogues "known" child

pornography images and "known" victims of child pornography, meaning the children in

those images have been previously identified by law enforcement.  CVIP discovered 87

known image files of child pornography on the computer.  These known images were

from 25 different series of known child pornography.  Two of the known images were

saved in the "New Folder" section of the computer described by the defendant.  These

known images were from the "Tara" series of known child pornography.  The images

showed a naked prepubescent female child having her vagina sexually penetrated by

the erect penis of an adult male.

13

The printed pages contained 12 images of known child pornography.  These known images included an image from the "Blue Shirt Girl" series in which a young girl is seen giving oral sex to a preteen male while her vagina is being penetrated by the erect penis of an adult male.  Another image, from the "IM" series of known child pornography, showed a prepubescent female minor giving oral sex to the penis of an adult male while she inserted a sexual device, often referred to as a vibrator or "dildo," into her vagina.  Yet another image, from the "Helen" series, showed a prepubescent female, naked from the waist down, having sexual intercourse with an adult male.  Also from the "Helen" series was a collage of images showing a prepubescent female having oral sex and vaginal sex with an adult male and displaying her vagina to the camera.  Other images from the printed pages showed minors engaged in oral and vaginal sex, as well as the lascivious display of the genitalia of minors.

All of the "known" images on the computer and the printed pages were created outside the State of Colorado.  The images originated in the states of Connecticut, Florida, Georgia, Indiana, Kentucky, Michigan, Missouri, Montana, North Carolina, Pennsylvania, and Washington, and the countries of Austria, Belgium, Brazil, England, France, Germany, Norway, and Paraguay.

Simultaneous with the federal child pornography investigation, state law enforcement officers investigated allegations of improper sexual contact between the defendant and the 11-year-old female neighbor.  During an interview with law enforcement, the 11-year-old minor said that the defendant had touched her "privates" on approximately 50-100 occasions when she would visit his home.  The child said the defendant always touched her through her clothing and there was never any

14

penetration of any kind.  In July 2010, the defendant plead guilty and was convicted of

the state charge of Sexual Assault on a Child - Victim Less Than 15 in Rio Grande

County, Colorado, Case Number 2009CR193.  In that case, the defendant received 90

days of jail followed by 10 years of sex offender specific probation.

## V. SENTENCING COMPUTATION

The parties understand that the United States Sentencing Guidelines are only

advisory, but represent the starting point and benchmark for sentencing.  *Gall v. United*

*States,* 128 S.Ct. 586 (2007).  But the Guidelines are only one factor that must be

considered and the Court must impose a sentence that is sufficient, but not greater

than necessary, to achieve the statutory sentencing goals and factors set forth in 18

U.S.C.§ 3553.

Recognizing this starting point in the formulation of an appropriate sentence, the

parties hereby provide this estimation of the applicable sentencing guideline calculation

in this case.  Any estimation by the parties regarding the guideline calculation does not

preclude either party from asking the Court to depart or vary from the otherwise

appropriate guideline range at sentencing, unless otherwise prohibited by this plea

agreement, if that party believes that there exists an aggravating or mitigating

circumstance of a kind, or to a degree, not adequately taken into consideration by the

Sentencing Commission in formulating the sentencing guidelines.  (§ 5K2.0).

The parties understand that the Court may impose any sentence, up to the

statutory maximum, regardless of any guideline range computed and that the Court is

not bound by any position of the parties.  (§ 6B1.4(d)).  The Court is free, pursuant to

§§ 6B1.3 and 6B1.4(d), to reach its own findings of facts and sentencing factors considering the parties' stipulations, the presentence investigation, and any other relevant information.  (§ 6B1.4 Comm.; § 1B1.4).  To the extent the parties disagree about the sentencing factors, the computations below identify the factors that are in dispute.  (§ 6B1.4(b)).

U.S.S.G. § 1B1.11 states that, generally, "[t]he court shall use the Guidelines Manual in effect on the date that the defendant is sentenced."  Therefore, the *2011 Guidelines Manual* is applicable to this case:

A.     The base guideline for Count 1, Receipt of Child Pornography, is *§ 2G2.2*, with a *base offense level of 22* (§ 2G2.2(a)(2)).

B.     The following *specific offense characteristics* apply:

(1)     The defendant's conduct was limited to the receipt of child pornography and the defendant did not intend to traffic in, or distribute, such material: *-2* (§ 2G2.2(b)(1));

(2)     Material involved a prepubescent minor or a minor who had not attainted the age of 12 years:  *+2*  (§ 2G2.2(b)(2));

(3)     Material portrayed sadistic or masochistic conduct or other depictions of violence: *+4* (§ 2G2.2(b)(4));

(4)     Defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor: *+5* (§ 2G2.2(b)(5));

(5)     Offense involved the use of a computer: *+2* (§ 2G2.2(b)(6));

(6)     Offense involved 600 or more images: *+5* (§ 2G2.2(b)(7)(D));

C.      There are no victim-related, role-in-offense, or obstruction adjustments.

D.      The *adjusted offense level* for COUNT 1 would therefore be *38.*

E.       The defendant should receive a *three level downward adjustment for acceptance of responsibility*, per § 3E1.1(a) and (b).  The resulting offense level would be *35.*

F.      The parties understand that their computation of the defendant's criminal history is tentative.  The criminal history computation will be conducted independently by Probation and finally determined by the Court.  Based upon the information currently available, the parties estimate a *Criminal History Category II.*

G.      Assuming the criminal history facts known to the parties are correct, the career offender and repeat and dangerous sex offender adjustments *would not* apply. *See* §§ 4B1.1 and 4B1.5.

(*NOTE*: The defendant was convicted in July 2010 of Sexual Assault on a Child in Rio Grande County, Colorado, Case Number 2009CR193.  The commission of the federal crime in this case, however, predates that state conviction.  Therefore, the defendant did not commit the instant offense of conviction "subsequent to" the state sex offense conviction, as required under § 4B1.5, Repeat and Dangerous Sex Offender Against Minors.)

H.      The advisory guideline *imprisonment range* resulting from the above estimated offense level and criminal history category above is *188 - 235* months.  However, in order to be as accurate as possible, with the criminal history undetermined at this time, the estimated offense level could conceivably result in a guideline range

from 168 months (bottom of Category I) to 365 months (top of Category VI).

*NOTE*: Although the parties agree the above advisory guideline range is correct, the government has agreed to recommend a term of imprisonment no greater than 12 years pursuant to the statutory sentencing factors of 18 U.S.C. § 3553.

In any case, the sentence of imprisonment is limited to 240 months (20 years), the statutory maximum.

I.      Pursuant to § 5E1.2, assuming the estimated offense level above, the guideline *fine range* for this offense would be *$ 20,000 - 200,000* plus applicable interest and penalties.

J.      Pursuant to § 5D1.2, the term of *supervised release* shall be *not less than 5 years up to life* to follow any term of imprisonment. *See* 18 U.S.C. § 3583(k) and U.S.S.G. § 5D1.2(b)(2).

## VI. WHY THE PROPOSED PLEA DISPOSITION IS APPROPRIATE

The parties believe the proposed plea agreement is appropriate because all relevant conduct is disclosed, the sentencing guidelines take into account all pertinent sentencing factors with respect to this defendant, and the charges to which the defendant has agreed to plead guilty adequately reflect the seriousness of the actual offense behavior.

Date: _8/9/2012_       _____
                       TIMOTHY JOHN VANDERWERFF
                       Defendant

Date: _4/9/1?_         _____
                       EDWARD R. HARRIS
                       Assistant Federal Public Defender
                       Attorney for Defendant

Date: _8-9-12_         _____
                       RICHARD A. HOSLEY
                       Assistant U.S. Attorney
                       Attorney for the United States

Date: _8/9/12_         _____
                       JUDITH A. SMITH
                       Assistant U.S. Attorney
                       Attorney for the United States