IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Criminal Case No. 12-cr-00069-JLK-1

**UNITED STATES OF AMERICA**,

        Plaintiff,

v.

**TIMOTHY JOHN VANDERWERFF,**

        Defendant.

**ORDER**

Kane J.

On June 28, 2012, I rejected a proposed plea of guilty because the plea bargain contained a waiver of right to appeal which, under the discrete circumstances of the case, I decided was inappropriate. The case was then set for jury trial on August 20, 2012. On August 9, 2012, the trial date was vacated and the defendant entered a plea of guilty to Count One of the Indictment charging him with activities re material containing child pornography. This plea agreement did not contain the waiver of defendant's right to appeal. I thought then and still do that the right to appeal was in the interests of justice because I was not going to conform the sentence to the Sentencing Guidelines for the reasons I explicated in my sentencing opinion. Deciding whether a departure from the Guidelines is appropriate is a justiciable issue that I did not think should be avoided by an evasion of appellate review.

After delays in sentencing occasioned by court ordered psychological and psychiatric evaluations and requests for additional time by defense counsel, on May 13, 2013, judgment

was entered on the sentence.  I sentenced the defendant to a term of 108 months imprisonment and supervised release for life.  I based this sentence on a consideration and rejection of the Sentencing Guidelines and an evaluation of all information in the presentence report, plus the submissions of counsel and the defendant's exercise of the right of allocution.  The sentence was based exclusively on the criteria contained in Title 18 U.S.C. Section 3553 and the waiver of right to appeal, *vel non*, had nothing to do with the sentence imposed.

The defendant, joined by the government, appealed my rejection of the plea agreement containing the waiver of the right to appeal and the Court of Appeals reversed the sentence holding that I had abused my discretion by rejecting the plea agreement containing the waiver of the right to appeal and remanded the case for resentencing.  A mandate was issued on July 2, 2015.

I have reviewed the materials I considered in sentencing and would not change that decision based on the sentencing criteria employed.  Nevertheless, I conclude that this defendant is entitled to a fresh reconsideration that might, conceivably, produce a different result more favorable to him.  Therefore,

I recuse myself from this case and direct the clerk of the court to reassign it to another judge to take whatever steps that judge deems appropriate under the mandate.

Dated: July 9, 2015

               BY THE COURT:

               *s/John L. Kane*
               Senior United States District Judge